IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CR-04-94-C |
| | ) | Case No. CIV-07-1061 |
| SEAN MICHAEL GILLESPIE, | ) | |
| Defendant. | ) | |

# **ORDER**

On December 8, 2017, Defendant sought permission from the Tenth Circuit Court of Appeals to file a second or successive § 2255 Motion. In that Motion, Defendant argued that his conviction for Count 1 was no longer valid in light of Johnson v. United States, --- U.S. ---, 135 S.Ct. 2551 (2015). On December 9, 2019, the Tenth Circuit approved that request. The Court then directed Plaintiff to respond, addressing the merits of Defendant's claim that he is entitled to be resentenced.

Plaintiff responds, agreeing that Defendant should be resentenced. As Plaintiff sets forth in its Response, in sentencing Defendant the Court relied on 18 U.S.C. § 924(c)(3)(B). In United States v. Davis, --- U.S. ---, 139 S.Ct. 2319 (2019), the Supreme Court held that § 924(c)(3)(B) was unconstitutionally vague. Plaintiff further explains that Defendant's sentence cannot rest on § 924(c)(3)(A), as the Tenth Circuit held in United States v. Salas, 889 F.3d 681 (10th Cir. 2018), that arson is not a crime of violence.

For the reasons set forth herein, the Court finds that Defendant's current sentence must be vacated, and he must be resentenced. Defendant's 28 U.S.C. § 2255 Motion, (see Case No. CIV-07-1061-C, Dkt. No. 5) is GRANTED. Counsel will be appointed to represent Defendant at resentencing. The Probation Office shall prepare a revised Presentence Report reflecting the rulings made herein. Defendant's Motion to Expedite (Dkt. No. 103) is DENIED as MOOT.

IT IS SO ORDERED this 2nd day of March, 2020.

*signature*
ROBIN J. CAUTHRON
United States District Judge